Court of Criminal Appeals no. WR-[83,424-02]
Trial Court no: 2006 CRW 441 D1(A)

83,424-02

Ex Parte Gabriel Cardona

§
§
§
§
§

In the 49th District Court of
Webb County, TX

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 29 2015
Abel Acosta, Clerk

Noted: May 29, 2015

## APPLICANTS MEMORANDUM IN REPLY TO THE STATES RESPONSE TO THE APPLICATION FOR 11.07 WRIT

Now comes Gabriel Cardona, applicant pro se, and files this Memorandum in reply to the States response to the application of Writ of Habeas Corpus; and respectfully show the Court as follows:

### I. FACTS

The State filed a response to the Applicants Writ of Habeas Corpus on the 22nd day of May 2015. The Applicant filed his Application through certified mail; certified no: 7014 1820 0001 2048 9285, and delivery date being the 30th day of April 2015. Certified mail was delivered to the District Clerk.

The State invokes the Laches protection as a bar to the Application. Although the State cites caselaw in support of its point that the State need not make any particularized showing of prejudice, the State nevertheless states it suffered prejudice "in its ability to investigate and prepare a defense to the Application." Alternatively, the State prays the Court to require the Applicant to satisfy one of three components to climb over the Laches barrier.

The State further claims that the Applicant fails to meet the 11.07 standards with respect to a "factual basis" and facts not being pled to demonstrate "Strickland prejudice". That applicants actual innocence claim is undermined by his plea.

Finally, the State presents an affidavit signed by Counsel David Almaraz, after being duly sworn and notarized as being true. Counsel states that he "thoroughly interviewed witnesses, investigated the facts of the case and advised Applicant accordingly". That "applicants self-defense theory had no merit and his alibi claim was not credible."

### II. Argument

The filing of the States response is untimely. In accordance with Article 11.07 of the Texas Codes of Criminal Procedures, the State has 15 days to file a response. Proof of delivery dates 4/30/15 for certified mail no: 7014 1820 0001 2048 9285, that is the 30th day of April 2015. The State's response filing date would therefore expire on or about the 16th day of May 2015.

Laches: The State is not "materially prejudiced" by the delay in filing the 11.07 Application and it is not prejudiced in its ability to investigate and prepare a defense to the Application: 1) The State is in possession of the offense report. The Laredo Police Department has the entire report as well which investigator Robert Garcia and Joe Beeza have been giving the media like flyers; 2) The Federal Government filed a "Travel Act" indictment against co defendants, coconspirators, and applicant; which is still officially open and involves this case as part of its racketeering element; 3) The State and Federal Government have been cross engaging their witnesses, code fendants, with each other to the benefit of one another; 4) The Federal Government has secured witnesses, evidence, and testimony; 5) At the time of Applicants trial, the State had no code fendants testifying against applicant whereas now it would certainly have an advantage by using Rosalio Reta, since Reta has become a Federal Witness. Reta being the alleged driver. Certainly the State is in a far better position. The State is not prejudiced and could have conducted a proper investigation.

Applicant introduced and filed testimony given in Federal Court by Janet Pineda, the alleged eyewitness and sole reason a warrant for murder was issued against applicant, wherein Pineda states clearly that she did not identify applicant as the shooter and did not even see him. Thus, that and other parts of her testimony

tend to question the integrity of the investigation. This testimony is not a recantation, could have only been discovered through the effective assistance of Counsel and meets the legal definition of what "new evidence" is. Alternatively, it warrants an evidentiary hearing.

Applicant also filed a "REQUEST FOR DUE CREDIBILITY OF CLAIMS" wherein applicant gives a thorough explanation for such delay in filing the Application. Such explanation should satisfy the "justifiable excuse" or "excusable neglect" requisite. (See: Applicants "REQUEST FOR DUE CREDIBILITY"... including its attachment of "Exhibits", as proof for such delay.)

Heretofore, the applicant satisfies all three components the State invokes. Accordingly, the laches protection should respectfully fail.

FACTUAL BASIS AND PREJUDICE:

Applicant styled his petition in the "cumulative error" fashion rather than in the "single error". That is that the cumulative effect of Counsels errors prejudiced him, in that applicant did not (and could have not) make a "fully informed" and "conscious choice" i.e. intelligent, knowing, and voluntary admission of guilt. The State raises the claim in its response under the "individual error" or "single error" notion. The U.S. Supreme Court has held that the prejudicial effect of Counsels errors must be considered cumulatively rather than individually. See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1575, 146 L.Ed. 2d 389 (2000). The Court of Criminal Appeals has also recognized and ruled on that concept See e.g. Ex Parte Welborn, 785 s.w. 2d 391 (Tex.Crim. App. 1990). Applicant styled his petition in that had Counsel done "all the above" and advised applicant accordingly it is reasonable to conclude that there exists a reasonable probability one would not have plead guilty but proceeded to trial. See e.g. Ferrara v. U.S. 456 F.3d 278, 294 (1st Cir. 2006) ("a reasonable probability" is a probability sufficient to undermine confidence in a belief that the [applicant] would have entered a plea.) Applicant would also respectfully remind the Court that the U.S. Supreme Court has held that pro se filings should be construed liberally. The interests or ends of justice so requires. See e.g. Haines v. Kerner, 404 U.S. 519, 520, 30 L.Ed. 2d 652 (1972). Applicant is not a lawyer, applicant is proceeding pro se, with what he has learned through thorns and thistles but nevertheless makes the best effort to be as precise as possible. Applicant filed an "Affidavit of Facts" as well wherein he explains to the Court how he was affected and why he plead guilty. (See Affidavit of Facts in General). His filings construed liberally or by reading the petition as stated above, in the "cumulative error" concept, establishes that applicant did not make an intelligent, knowing, and voluntary admission of guilt, prejudiced by Counsel's errors.

Counsels Affidavit: Counsel Almaraz's affidavit is conflicting in several respects. Counsel states he thoroughly interviewed witnesses. By way of this Affidavit, Counsel is conceding to applicants claim that he (Counsel) indeed told Christina Lozano and Robert Camacho that why worry about applicant if he is going to be picked up by the Feds. Which conflicts with Counsel's assertion that he interviewed witnesses. Christina Lozano was not interviewed. Robert Camacho was not interviewed because applicants "alibi claim was not credible". How can Counsel determine an alibi is not credible when he does not investigate and interview the alibi witnesses? The testimony of Janet Pineda is not a recantation or given to applicant by way of affidavit, it is testimony given under oath to Federal Court. Thus, if the nature of her testimony is - given to the adversary - to the adversary's detriment wouldn't it be reasonable to conclude that had Counsel investigated and interviewed Pineda, she would give the same answers? Certainly so. And such answers or nature of her testimony is in favor of applicant. Counsel could have moved to suppress her id. Which Counsel did not. Counsel could have as well strategically decide to let it roll and expose the L.P.D investigators, question their integrity and quality of the investigation. Thus, having learned the nature of Pineda's statements, and having advised applicant accordingly, considering that it was the only evidence that puts applicant at the crime scene, but is in fact not true, what person would plead guilty? By way of this affidavit, Counsel is also conceding that

applicant did indeed tell him he (applicant) could not say he killed Noe Flores in the plea discussions that stalled. Thus, what Counsel would subject his client to admit to something he didn't do having investigated and learned that the person who allegedly saw him as the shooter, did not in fact say she saw him or id. him as the shooter? Counsel did not thoroughly investigate the facts of the case, did not interview witnesses, and was ill equipped and unprepared. Consequently, he could not have possibly advised applicant accordingly and hence, applicant could not have possibly made an intelligent admission. Applicant is raising an actual innocence claim! Applicant never raised a self defense claim. Counsel further concedes to all other claims.

With respect to applicant's actual innocence claim, which the state claims is "undermined by his plea", a plea of guilty would be inaccurate or unreliable if new evidence more likely than not [in that it is more likely than not that no reasonable juror would have found applicant guilty beyond a reasonable doubt, in light of the newly available or newly discovered evidence] establishe[s] an applicant's innocence. See Ex Parte Tuley, 109 S.W.3d 388 (Tex.Cr.App. 2002)(at 394).

### III. Adequate Record

Applicant respectfully reminds the Court that an "adequate record is imperative to properly evaluate ineffective assistance of Counsel claims". See Mattheney v. Anderson, 253 F.3d at 1040 (citing U.S. v. Draves, 103 F.3d 1328, 1335 (7th Cir. 1997)) And a petitioner [or applicant] is "entitled to an evidentiary hearing ... in order that he might be given the opportunity to offer evidence to develop the factual basis of his claim." id. at 1040.

Applicant filed a Motion For Evidentiary Hearing with his application.

### IV. Conclusion

WHEREFORE, PREMISES CONSIDERED, applicant prays that the State's response be rejected, and for further relief to which applicant may be entitled.

Respectfully submitted, June 2nd 2015
Gabriel Cardona # 1444672
All Red Unit
2101 F.M. 369 N.
Iowa Park, TX 76367

### Certificate of Service

A copy of this document was mailed through first class mail on the 2nd day of June 2015 to the District Attorneys Office in Webb County, Laredo, Texas. With address of 1110 Victoria ste. 401. Zip Code 78040. Recipient being ADA Michael Bukiewicz.

Gabriel Cardona

**BJECT:** *State briefly the problem on which you desire assistance.*

No: _____

I would like to mai' a legal package through certified mail, return receipt requested. Could you please come and pick up the package to weigh please, Determine the postage.

ame: Gabriel Cardona _____ 1444672 _____ Unit: J.A

ving Quarters: HSK-226 _____ Work Assignment: _____

ISPOSITION: (Inmate will not write in this space)

Pick up KC Logged Out 6/3/15
Sent to Post Office 6/5/15

I-60 (Rev. 11-90)

---

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provi

For delivery information visit our website at www.usps.con

OFFICIAL US

| | |
|---|---|
| Postage | $ 2.68 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 8.68 |

Sent To
Esther Degollado Clerk
Street, Apt. No.; r PO Box No. 1110 Victoria st. (Ste. 2
ity, State, ZIP+4 Laredo, TX 78042

Form 3800, August 2006     See Reverse for Ins

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Esther Degollado-Clerk
1110 Victoria st. (Ste. 203)
Laredo, TX 78042

2. Article Number
(Transfer from service label)

7013 0600 0000 5186 8427

PS Form 3811, July 2013     Domestic Return Receipt

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
JUN 0 8 2015

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

---

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 29 2015

Abel Acosta, Clerk